### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| (1) **ATEÍSTAS DE PUERTO RICO, INC.**, a Corporation authorized in the Commonwealth of Puerto Rico, (2) **JOSÉ RAFAEL SOLIS-CORPS**, individually, and (3) **RONALDO GILBERTO TORRES-MALDONADO**, individually,<br><br>Plaintiffs<br>v.<br><br>(1) **PUERTO RICO DEPARTMENT OF EDUCATION**; (2) **RAFAEL ROMÁN-MELÉNDEZ**, individually and as Secretary of Education of Puerto Rico; (3) **ARECIBO SCHOOL DISTRICT**; (4) **LUIS G. RODRÍGUEZ-RAMOS**, individually and as Regional Director of the Arecibo School District; (5) **EDGAR ORTIZ-AHORRIO**, in his official capacity as Principal of Abelardo Martínez Otero High School; (6) **GLADYS SÁNCHEZ-SANTIAGO**, in her official capacity as Principal of Dra. María Cadilla De Martínez High School; (7) **BRENDA PÉREZ-SOTO**, in her official capacity as principal of Trina Padilla de Sanz High School (8) **JOHN DOE, RICHARD ROE, FREDDIE MOE**, all of which are fictitious names representing employees or contractors of the Puerto Rico Department of Education, whose identities are unknown at this time<br><br>Defendants | **CIVIL NO. 16-02319**<br><br>**42 U.S.C. § 1983,**<br>**28 U.S.C § 2202** |

### <u>COMPLAINT</u>

Plaintiffs, Ateístas de Puerto Rico, Inc., José Rafael Solís-Corps and Ronaldo

1

Gilberto Torres-Maldonado, bring this action and this complaint against all Defendants, seeking to protect individual civil and Constitutional rights, including the right to be free from government intrusion into, entanglement with and endorsement of religious matters, and the right to equal protection of the laws, and states as follows:

### NATURE OF THE CASE

1. This is a civil rights action to protect and defend the Constitution of the United States, the Puerto Rico Constitution, and the individual rights and liberties of citizens. These rights include the right to be free from government intrusion into and endorsement of matters of religion, and freedom of and from religion, and the right to equal protection of the laws. This case arises out of unconstitutional, government sanctioned religious activities at a public school.  This  action seeks declaratory and injunction relief and damages for the pattern and practice of the Defendants' endorsement and promotion of religion in a public school setting.  Plaintiffs state that Defendants' actions are in violation of the Establishment Clause of the First Amendment of the United States Constitution as the Defendants are acting under color of law as defined under 42 USC § 1983.  Plaintiffs asks that Defendants' actions be declared unconstitutional and illegal, and that this Court enjoin them from engaging in any further such activity.

2. Plaintiffs seek declaratory and injunctive relief, and damages under 42 U.S.C. § 1983 against Defendants to redress said Establishment Clause violations, together with recovery of attorney's fees and costs under 42 U.S.C. § 1988(b).

### JURISDICTION

3. This action is brought pursuant to 28 U.S.C § 2202 and 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution, and Article II, Section 3,

of the Puerto Rico constitution.

4. This Court has subject matter jurisdiction over the federal constitutional claims pursuant to §§ 1331 and 1343(a), and has supplemental jurisdiction over state constitutional claims under 28 U.S.C. §1367(a).

5. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. Plaintiffs' action for injunctive relief is authorized by the foregoing statutes and by Rule 65 of the Federal Rules of Civil Procedure.

6. Plaintiffs have satisfied all conditions precedent, if any, to filing this civil action.

## VENUE

7. Venue is proper in this Court because "a substantial part of the events" at issue occurred within this district. 28 U.S.C. § 1391(b)(2).

## PARTIES

8. Plaintiff, Ateístas de Puerto Rico, Inc. (hereinafter "Ateístas de Puerto Rico") is a Puerto Rico non-profit corporation (Exhibit 1) with members, offices and/or meeting locations nationwide and in various Puerto Rico municipalities including but not limited to Arecibo, Puerto Rico. Ateístas de Puerto Rico is a membership organization dedicated to advancing and preserving the complete separation of church and state, the constitutional protections found in the Bill of Rights, and in particular, the First Amendment to the United States Constitution and Article II, Section 3 of the Puerto Rico Constitution. Ateístas de Puerto Rico brings this action to assert the First Amendment rights of its members. The individual Plaintiffs and other members of Ateístas de Puerto Rico, including but not limited to such persons residing in Arecibo, Puerto Rico, have been harmed by the use of their

tax money which fund public schools, for Christian religious ceremonies and the endorsement and proselytizing by the government of the Christian religion.

9. Plaintiff, José Rafael Solís-Corps (hereinafter "Solís-Corps"), is a United States citizen, an individual and resident of San Juan, Puerto Rico, and member of Ateístas de Puerto Rico. He owns property in Puerto Rico and pays taxes. He is injured and aggrieved by the acts and practices complained of herein because the Government's action of selecting Christianity over any other belief or lack thereof is contrary to his strongly held beliefs and views about religion, since he is an atheist. He views this action of the government as an endorsement of religion. Because the Christian activities were condoned, supported and promoted by the Government, it involves Plaintiff Solís-Corps, through indirect compulsion as a citizen of the Commonwealth of Puerto Rico acting through government officials, to support the substance and meaning of the religious messages of the activities, even though those messages are antithetical to his beliefs and views. The denial through inaction of the Government to provide Plaintiff Solís-Corps the opportunity to present to the students an atheist activity equal to the Christian activity performed in the schools violates his exercise of free speech rights, and compels him to petition the government for a redress of grievances.

10. Plaintiff, Ronaldo Gilberto Torres-Maldonado (hereinafter "Torres-Maldonado"), is a United States citizen, an individual and resident of San Juan, Puerto Rico, and member of Ateístas de Puerto Rico. He pays taxes. He is injured and aggrieved by the acts and practices complained of herein because the Government's action of selecting Christianity over any other belief or lack thereof is contrary to his strongly held beliefs and views about religion, since he is an atheist. He views this action of the government as an endorsement

4

of religion. Because the Christian activities were condoned, supported and promoted by the Government, it involves Plaintiff Torres-Maldonado, through indirect compulsion as a citizen of the Commonwealth of Puerto Rico acting through government officials, to support the substance and meaning of the religious messages of the activities, even though those messages are antithetical to his beliefs and views. The denial through inaction of the Government to provide Plaintiff Torres-Maldonado the opportunity to present to the students an atheist activity equal to the Christian activity performed in the schools violates his exercise of free speech rights, and compels him to petition the government for a redress of grievances.

11. Defendant Puerto Rico Department of Education is the governing body of public schools in the Commonwealth of Puerto Rico, and exists pursuant to the laws of the Commonwealth of Puerto Rico. At all times pertinent hereto, it was and is operating within the scope of its authority and under color of state law, and condoning the actions and operations of the components of its system.

12. Defendant Rafael Román-Meléndez is the Secretary of Education of Puerto Rico and head of Defendant Puerto Rico Department of Education. He is the individual directly responsible for the day-to-day operation of the Schools of the Commonwealth of Puerto Rico, for carrying out the School's policies and programs, and for insuring compliance with all pertinent legal requirements. Defendant Román-Meléndez is sued in his individual capacity and official capacity as Secretary of Education of Puerto Rico.

13. Defendant Arecibo School District is the governing body of public schools in Arecibo, Puerto Rico, and exists pursuant to the laws of the Commonwealth of Puerto Rico. At all times pertinent hereto, it was and is operating within the scope of its authority and under

color of state law.

14. Defendant Luis G. Rodríguez-Ramos is the Regional Director of the Arecibo School District and is responsible for the day-to-day operation of the Arecibo School District's public schools, for carrying out the Arecibo School District's policies and programs, and for insuring compliance with all pertinent legal requirements. Defendant Rodríguez-Ramos is sued in his individual capacity and official capacity as Regional Director of the Arecibo School District.

15. Defendant Edgar Ortiz-Ahorrio is the Principal of Abelardo Martínez Otero High School and was the Principal of the school at the time of the events described herein. Plaintiffs sue Ortiz-Ahorrio in his official capacity as principal.

16. Defendant Gladys Sánchez-Santiago is the Principal of Dra. María Cadilla De Martínez High School and was the Principal of the school at the time of the events described herein. Plaintiffs sue Sánchez-Santiago in her official capacity as principal.

17. Defendant Brenda Pérez-Soto is the Principal of Trina Padilla de Sanz High School and was the Principal of the school at the time of the events described herein. Plaintiffs sue Pérez-Soto in her official capacity as principal.

18. Defendants John Doe, Richard Roe, Freddie Moe were at all times relevant to this complaint employees or contractors of the Puerto Rico Department of Education, charged with monitoring, supervising, evaluating, assigning and administering or otherwise processing requests within the Puerto Rico Department of Education, and failed in these duties, directly injuring Plaintiffs. These defendants, whose identity is unknown to the plaintiffs at this time, proximately caused the injuries alleged herein by their deliberately indifferent actions and omissions with respect to the aforementioned duties and due to

their failure to adequately process requests.

## FACTUAL ALEGATIONS

19. On Monday, March 14th, 2016, a Christian religious ceremony, called "De la calle a la escuela" (from the Street to the School) was held in Dra. María Cadilla De Martínez High School, which is under the supervision of school Principal Sánchez-Santiago.

20. On Wednesday, March 16th, 2016, the same Christian religious ceremony was held in Abelardo Martínez Otero public school, which is under the supervision of Principal Ortiz-Ahorrio.

21. On Thursday, March 17th, the same Christian religious ceremony was held in Trina Padilla De Sanz High School, which is under the supervision of Principal Pérez-Soto.

22. The first sentence of one of the promotions used for the event reads, "The Municipal Administration of Arecibo, and Héctor Delgado Ministries invite you" which shows that the Mayor of the municipality of Arecibo not only knew about this, but that his office promoted the event, in collaboration with the Regional Director of the Education Region of Arecibo, the Office of Faith Base, and the School Principals of those schools (Exhibits 2, 3).[1]

23. Héctor Delgado is a locally renowned Pentecostal Minister.

24. A letter from the Regional Director of the Arecibo School District, circulated to the school directors of the four aforementioned schools, dated March 3rd, 2016, orders the directors of the schools to prepare the schools for the Christian religious ceremonies to take place in them. It also describes the events are focused, "…In themes about values, transversal and school retention, as established in Circular Letter 1-2015-2016. We are

---

[1] Although exhibit 3 is in the Spanish language, it is here attached with the purpose of demonstrating that the referred document exists, the dates in which the events occurred and Héctor Delgado clasping his hands in a common Christian prayer gesture.

7

informed that in this activity we'll be joined by Héctor 'el Father', and Julio Voltio, who will bring their life stories, that drove them to abandoning school, so to stimulate our youth to stay in school and strive to reach their goals." The letter stipulated that each School Principal would plan so that the students could participate in such events, without their classes being affected.

25. Two days before the letter, on March 1st, 2016, Héctor Delgado Ministries had indicated they would be "Impacting with the Holy Word" four schools in Arecibo.

26. In diverse publications in social media, particularly those of Héctor Delgado Ministries, and Chaplain Wilfredo Cameron Santiago, it is clear that the activities are Christian-Evangelical proselytizing and indoctrination campaigns, promoted and funded by the Department of Education through its Regional Director and school directors, that the language and message are from Pentecostal origin, that there was repeated mentioning of "exorcising demons", "converting students to Christ" and the term "Crusades" was used to refer to these events.

27. There are bible readings, prayers, and Christian-Evangelical music played in these Christian religious ceremonies through loudspeakers, sound from which the students cannot escape, making them a forced captive audience.

28. Although some of the advertisements for the activities indicated that they would begin at 12:00 noon, the "Confra" VIP of the Abelardo Martínez Otero School specified in their page that it would begin at 10:00AM, which it did, and it continued going after 12:00 noon, which is during school hours.

29. The Arecibo city mayor, Carlos Molina, participated personally in these school events and provided arrangements for them to occur, such as chairs, tables and tents that may

have been provided by the municipality of Arecibo.

30. In a communication from the Regional Director of the Arecibo School District, school directors are instructed to manage and make the relevant arrangements for such gatherings.

31. Hector Delgado Ministries indicated through their publications that they have impacted 500 or 600 young people, every day, on these public school activities.

32. A group of known evangelical and Pentecostal pastors and preachers have supported and promoted these events. Among those: Pastors Alberto Rosario, Gerson Santiago, Luis A. Pellot, Angel Abner Rivera Rivera, José A. Montijo Soler, Grisselle Irizarry and Wanda Rolón, all representing Christian denominations.

33. On April 29, 2016, Ateístas de Puerto Rico members José Rafael Solís-Corps and Ronaldo Gilberto Torres-Maldonado visited Dra. María Cadilla De Martínez High School, Abelardo Martínez Otero public school, and Trina Padilla De Sanz High School. They identified themselves as members of Ateístas de Puerto Rico and explained to school officials that they were seeking to conduct a similar activity under the same conditions in which the aforementioned Christian activities were conducted at a date during that semester or the next one. They handed the school employees to whom they were directed a written request which described the details and goals of the activity, which were, in essence, to teach students about atheism, secularism, humanism, superstition, religious history and religions in general. It also included a postal address, email and two telephone numbers for contacting them or the organization. They were told, in each school, that the school directors were not available at the moment, but that they would soon get back to them and hand the directors the written request.

34. On or approximately May 13, 2016, a follow up telephone call was made to each school, reminding them of Ateístas de Puerto Rico's request. Again, they all responded evasively, telling Ateístas de Puerto Rico that the schools would soon get back to them. One of the schools even left the caller on hold for approximately 30 minutes, and then hung up.

35. After all attempts to schedule a similar conference by Ateístas de Puerto Rico were ignored and no attempt to contact the organization or its members was ever made, it became evident that the schools were willfully doing so.

36. Both the United States and Puerto Rico constitutions, the Organic Law of the Puerto Rico Department of Education and several jurisprudences of our Honorable Supreme Court, dictate clearly the concern here: an education free of all religious trend, owing to the separation of Church and State.

37. Law No. 68 of 28 August 1990, known as "Organic Law of the Department of Education of the Commonwealth of Puerto Rico.", expresses in its Article 1.03 (3 L.P.R.A. sec. 391) the following:

> In accordance with the Section 5 of Article II of the Constitution of the Commonwealth of Puerto Rico it is established a system of public education, which will be free and wholly non-sectarian.

38. On the other hand, Article 1.06 (3 L.P.R.A. sec. 391c) of the same Code prohibits "any discrimination or retaliation against students on the basis of race, color, sex, birth, origins, social status and religious or political beliefs."

39. As demonstrated by the stated events, there exists a clear violation of the constitutional clauses and the organic laws of the Department of Education. This extends not only to legal and ethical violations, but to the possible conflicts that can arise when

those students who do not profess Christianity or any other religion are confronted with the authority exercised by the teaching community and the school administration, when not willing to be related or to participate in the aforementioned practices. When given the opportunity to expose students to other views regarding religion, the public schools decided to establish Christianity as their religion of choice, pushing aside any other different religious view.

**CAUSE OF ACTION: 42 U.S.C. § 1983**

40. 42 USC § 1983 prohibits Defendants from depriving Plaintiff of any "rights, privileges and immunities secured by the Constitution and laws" of the United States.

41. The Establishment Clause of the First Amendment to the United States Constitution provides that a state "shall make no law respecting an establishment of religion." The First Amendment is made applicable to local public schools through the Fourteenth Amendment to the United States Constitution.

42. The Defendants' actions demonstrate not only the Defendants' endorsement of religious beliefs over non-religious, but the endorsement of Christianity over other faiths and other religious beliefs.

43. The Defendants' actions are designed to, and have the effect of showing favoritism toward religion, and in particular Christianity, in violation of the Establishment Clause of the First and Fourteenth Amendments to the United States Constitution.

44. The Defendants' actions foster excessive government entanglement with religion.

45. The Defendants, acting individually and/ or in concert with one another, have repeatedly endorsed, authorized and/or acquiesced in the delivery of religious actions in violation of the Establishment Clause and the Fourteenth Amendment to the United States

Constitution.

46. As a result of Defendants' actions, Plaintiffs have suffered personal and unwelcome contact with government-sponsored religious symbols.

## CLAIMS FOR RELIEF

### Declaratory Relief

47. Plaintiffs incorporate herein the preceding paragraphs of this Complaint, as if the same were fully set forth herein.

48. The principal or primary purpose of the activities is not secular, but rather is to advance a particular religion.

49. The activities constitute a government endorsement of a particular religion.

50. The activities fosters an excessive entanglement between government and religion.

51. The activities constitutes an endorsement of religion.

52. The activities were performed by the Defendants acting, alone and/or in concert, under the cloak of government authority.

53. The activities deprives Plaintiffs of their rights, privileges, or immunities secured by the United States and Florida Constitutions and/or otherwise by law.

54. Plaintiffs seek a declaratory judgment that the Display violates the Establishment Clause of the First Amendment of the United States Constitution, made applicable to the States by the Fourteenth Amendment, pursuant to 28 U.S.C. § 2201 and 42 U.S.C. § 1983.

55. Declaring as unconstitutional the Defendants' actions, which promote, endorse and establish religious activities, and prayer at Public Schools, and include

a. sponsoring Christian prayer;

b. proselyting to and presenting scripture to students and staff; and

c. hosting Christian events at public school locations;

d. refusing to give equal time under equal conditions to other religious views

**Injunctive Relief**

56. Plaintiff incorporates herein by reference the preceding paragraphs of the Complaint as if the same were fully set forth herein.

57. Plaintiffs seek an injunction requiring Defendants to refrain from any other similar activities which violate the separation of church and state within the jurisdiction of Puerto Rico, pursuant to 28 U.S.C. § 2202 and 42 U.S.C. § 1983.

58. Plaintiffs have no adequate remedy at law because legal relief cannot remedy the denial of its members' First and Fourteenth Amendment fundamental rights. Unless enjoined by the Court, Plaintiffs' Constitutional rights will continue to be violated if these activities are repeated.

59. Defendants' activities denies the Plaintiffs their Constitutional rights under the Establishment Clause of the First Amendment and the Equal Protection Clause of the Fourteenth Amendment.

**Damages**

60. Plaintiffs incorporate herein by reference the preceding paragraphs of this Complaint as if the same were fully set forth herein.

61. Defendants have violated the Establishment Clause of the First Amendment to the United States Constitution, and the Puerto Rico Constitution, through its Christian proselytizing in the public schools of Puerto Rico.

62. Alternatively, Defendants have violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, and the Puerto Rico Constitution, through

their through its Christian proselytizing in the public schools of Puerto Rico.

63. Plaintiffs seek nominal damages against Defendant pursuant to 42 U.S.C § 1983.

64. Plaintiffs request all other remedies, damages and relief to which they are entitled under federal and state law, and the United States and Puerto Rico Constitutions.

    a. Awarding compensatory or nominal damages in favor of the Plaintiff;

    b. Awarding Plaintiff his attorneys fees in the case pursuant to 42 U.S.C. § 1988;

    c. Awarding Plaintiff litigation related costs;

    d. Awarding any other relief as this Court deems just and proper.

Respectfully submitted this 7th day of July, 2016.

*/s/Miguel A. Rodríguez-Robles*
**Miguel A. Rodríguez-Robles, Bar Number 228704**
Attorney for plaintiffs
Cond. Riberas de Río Hondo
100 Calle Río Espíritu Santo, Apt. 101
Bayamón, PR 00961-3290
Telephone (787)549-2839
miguelrodriguezrobles@gmail.com

14